UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE HAUPTMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:18-cv-00395 |
| BLUESTEM BRANDS INC. d/b/a FINGERHUT, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes GEORGE HAUPTMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of BLUESTEM BRANDS INC. d/b/a FINGERHUT ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.   Plaintiff is natural person residing in the Northern District of Illinois.

5.   Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a catalog and online retailer offering household goods to customers on a nationwide basis.  Defendant's principal place of business is located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota, and it regularly conducts business with consumers in Illinois.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   Plaintiff previously held an account ("subject account") with Defendant and purchased two MP3 music players and a remote control helicopter as Christmas presents from Defendant, incurring debt ("subject debt") as a result.

10. Shortly thereafter, Plaintiff satisfied the subject debt and closed out the subject account. At the time the subject account was closed, there was a $0 balance owed on the subject account as Plaintiff satisfied the subject debt in its entirety.

11. After the subject debt was paid in full and after the subject account was closed, Defendant sent Plaintiff a blender which he did not order.

12. Shortly after receiving the unwanted blender he did not order, Plaintiff sent the appliance back to Defendant.

13. After returning the blender, Plaintiff began receiving unwanted calls to his cellular phone, (630) XXX-9592, from Defendant.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9592. Plaintiff has always been financially responsible for the cellular phone and its services.

15. When answering calls from Defendant, Plaintiff experienced a noticeable pause, lasting approximately five seconds in length, before he is connected with a live representative.

16. Upon speaking with one of Defendant's representatives during one of the first calls Defendant placed to Plaintiff's cellular phone, Plaintiff was informed that Defendant was attempting to collect upon an alleged debt.

17. In response, Plaintiff stated that he owed no debts to Defendant and requested that Defendant cease placing calls to his cellular phone.

18. Despite Plaintiff's demand that the calls cease, Defendant continued to regularly call his cellular phone until on or around August 11, 2015, when Plaintiff was forced to change his phone number as a result of Defendant's unlawful and harmful conduct.

19. Even after being told to stop contacting him, Defendant called Plaintiff's cellular phone multiple times during the same day.

20. Plaintiff has received not less than 80 calls from Defendant after being asked to stop calling him.

3

21. Defendant also threatened Plaintiff with legal action by way of a wage garnishment to secure payment of the alleged debt it was attempting to collect from Plaintiff with knowledge that Plaintiff did not incur the debt it was attempting to collect from him.

22. Plaintiff has been unfairly harassed by Defendant's actions.

23. Plaintiff is a butcher by trade and was constantly distracted by Defendant's calls to his cellular phone. Defendant's calls to Plaintiff's cellular phone put Plaintiff in grave danger of injury due to the distraction caused by the constant unwanted calls.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the constant calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, fees associated with changing his cellular phone number, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting approximately five seconds in length, which Plaintiff experiences during answered calls from Defendant is instructive that an ATDS is being used to

generate the phone calls. Similarly, the frequency and nature of Defendant's contacts points to the involvement of an ATDS. Defendant has contacted Plaintiff multiple times on successive days, which is indicative of an ATDS.

28.   Defendant violated the TCPA by placing phone not less than 80 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff may have given to Defendant was explicitly revoked by his demand that Defendant cease placing calls to his cellular phone.

29. The calls placed by Defendant to Plaintiff were regarding attempted business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was notified that Plaintiff did not wish to be contacted, but it willfully violated the law in an attempt to harass him into submission.

WHEREFORE, Plaintiff, GEORGE HAUPTMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.   Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.   Awarding Plaintiff costs and reasonable attorney fees;

d.   Enjoining Defendant from further contacting Plaintiff; and

e.   Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT AGAINST DEFENDANT

31.  Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34.  The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."   815 ILCS 505/2.

35.  Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he demanded that it stop calling him. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to make payment.

36. Plaintiff did not owe any debt to Defendant when Defendant initiated its harassing campaign to collect an alleged debt from Plaintiff through an ATDS.

37. Defendant's threats to Plaintiff that it will commence legal action against him to secure payment of the alleged debt are calculated unfair and deceptive tactics utilized by Defendant to harass Plaintiff into making a payment towards a debt he never incurred.

6

38. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day. Placing several calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that he does not wish to be contacted and with knowledge that Plaintiff did not owe any such debt to Defendant.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled previously, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices, including costs associated with changing his cellular phone number. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

42. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's rightful demand that the calls cease. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls and that he did not owe any debt to Defendant. However, Plaintiff was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 80 times and even called multiple times during the same day. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission. After the conversation in which Plaintiff notified Defendant that that he did not wish to be contacted on his cellular phone any further, Defendant had more than enough information to know that it should not continue calling him. In utter defiance

of the law, Defendant falsely and deceptively represented to Plaintiff that it had the legal ability to

contact Plaintiff seeking collection of an alleged debt when it did not. Upon information and belief,

Defendant regularly engages in the above described behavior against consumers in Illinois and for

public policy reasons should be penalized.

   WHEREFORE, Plaintiff, GEORGE HAUPTMAN, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the
      aforementioned statutes and regulations;

   b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for
      the underlying violations;

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: January 18, 2018                         Respectfully submitted,

s/ Marwan R. Daher                              s/Omar T. Sulaiman
Marwan R. Daher, Esq.                           Omar T. Sulaiman, Esq.
Counsel for Plaintiff                           Counsel for Plaintiff
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200             2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                         Lombard, Illinois 60148
(630) 575-8181 (phone)                          (630) 575-8181 (phone)
(630) 575-8188 (fax)                            (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                          osulaiman@sulaimanlaw.com